## Galli v. Galli

*J. S. LaVictoire*, for libellant.

ELLENBOGEN, J., May 12, 1949.—This is a divorce case which came on for a hearing on April 21st. The question is whether the libel was properly served.

The complaint in divorce avers that "defendant is a citizen of Italy", whose last known address is Lucas City, Tuscana, Italy.

Libellant filed a "Præcipe for Publication", addressed to the prothonotary, and requested that officer

of the court to direct service of the complaint by publication. That direction was, however, not complied with. Instead of making service of the complaint by publication, a copy of the complaint was mailed to the Italian consul in the City of Pittsburgh and an affidavit to that effect was filed. That affidavit has attached to it a postal return receipt signed by the consul. The notice of trial was served by publication.

It is clear that the complaint in divorce was not properly served in this case. Under the new Pennsylvania Rules of Civil Procedure adopted by the Supreme Court service of the complaint in divorce is regulated by Pa. R. C. P. 1124. That rule, so far as relevant, is as follows:

"Rule 1124. Service. Notice.

"(a) The complaint may be served

.   .   .   .   .   .   .   .   .   .

"(3) by the plaintiff, outside the Commonwealth, by

"(a) having any attorney at law, other than the attorney for the plaintiff, hand a copy to the defendant, or

"(b) sending the defendant a copy by registered mail. Service by mail is not valid if the return receipt is not signed by him personally.

"(b) If service cannot be made under Subdivision (a) (1) or (a) (2) of this rule and has not been made under Subdivision (a) (3) of this rule, and the sheriff or constable has made a return or affidavit of 'Not Found', the plaintiff, without reinstatement of the complaint, shall have the right of service by publication. . . .

"(c) If at the commencement of an action of divorce or annulment of marriage, the defendant is a resident of a foreign country which has a diplomatic or consular representative with an office in this Commonwealth, the plaintiff shall give notice of the pendency of the action by sending by registered mail a copy of the com-

plaint to the diplomatic or consular representative of the country in which the defendant resides, at the Pennsylvania office of that representative, provided such representative has registered his name and office address with the Prothonotary of the Supreme Court for the Eastern District of Pennsylvania. This latter official shall send copies of all such registrations to the respective prothonotaries of the Middle and Western Districts."

Rule 1124 has been widely misunderstood although its language seems plain. If, as in the instant case, defendant resides in a foreign country, the complaint must be served under subdivision $(a)$ — $(3)$ $(a)$ or $(b)$ of rule 1124. Where that cannot be done and a return is made by the sheriff of "Not Found", publication is proper and necessary. In the instant case, since defendant resides in Italy and her residence in that country is known, plaintiff *must* proceed under subdivision $(a)$ — $(3)$ $(a)$ or $(b)$.

Plaintiff may have the complaint served by having someone in defendant's home town serve a copy upon defendant, or by registered mail. In the latter case, the return receipt of the registered mail must be signed personally by defendant.

Where an attempt has been made to serve defendant in the manner above indicated and after reasonable effort it has been found to be impossible to do so, then plaintiff may proceed to make service by publication in the manner indicated in subdivision $(b)$ of Pa. R. C. P. 1124. Before publication is had under this subdivision, the sheriff must make a return of "Not Found".

In the instant case no attempt was made to obtain service of the complaint by any of these methods. Instead of serving the complaint on defendant, the attorney for plaintiff seems to have been of the opinion that *"Notice"* upon a foreign consul, provided for

in subdivision (*c*), takes the place of service of the complaint upon defendant under subdivision (*a*) or (*b*) of rule 1124. That interpretation of rule 1124 is erroneous.

The *"Notice"* provided for in rule 1124(*c*) is *additional to* the service provided for under (*a*) and (*b*). The service of such a notice upon the consular representative of the foreign country where defendant resides is *not a substitute* for and cannot take the place of service of the complaint upon defendant himself under rule 1124 (*a*)—(3) (*a*) or (*b*). In that respect there is no change of the law as it stood before the adoption of the new rules.

For the reasons herein stated we hold that complaint was not properly served on respondent and plaintiff cannot proceed further until the complaint has been reinstated and served in the manner herein indicated.